### JOSEPH GASS *vs.* FREDERICK SMITH & another.

The death of a debtor, pending an action in which he has given bond to dissolve an attachment, and the representation of his estate as insolvent, will not prevent the creditor, after summons to the administrator, and his failure to appear, from taking a judgment against the goods and estate of the debtor in the hands of the administrator, which will fix the liability of the sureties on the bond.

ACTION OF CONTRACT on a bond to dissolve an attachment on mesne process in an action of contract, brought by the plaintiff against George W. Felt.   The bond was executed by Felt as principal, and the defendants as sureties, and conditioned, as required by *St.* 1838, *c.* 163, § 20, to "pay to the plaintiff in said action the amount, if any, which he shall recover therein, within thirty days after the final judgment in said action." ·

This case was reserved by *Bigelow*, J., for the opinion of the whole court, upon the following facts : The former action was entered at April term 1849 of the court of common pleas for the county of Essex.   Felt appeared at that term ; and the action was continued until October term 1849, when his death was suggested, and the action continued to January term 1850, when his administrators, having been duly summoned and failed to

appear, were defaulted, and the action was continued to October term 1851, when judgment was rendered for the plaintiff against the goods and estate of Felt in the hands of his administrators, and an execution issued thereon, and returned unsatisfied. Felt died, and his administrators were duly appointed, and gave public notice of their appointment, in October 1849; and his estate was duly represented insolvent in April 1850, and commissioners appointed to receive and examine claims against it, who afterwards made their return, whereupon a dividend was ordered by the probate court.

This case was argued at November term 1855.

*J. D. Ball,* for the plaintiff.

*W. R. P. Washburn,* for the defendants. The death of a debtor discharges an attachment, and releases a receiptor for property attached. Rev. Sts. *c.* 90, § 105. *Andrews* v. *Southwick,* 13 Met. 535. As this bond is but a substitute for the attached property, the death of the debtor must discharge it also. *St.* 1838, *c.* 163, § 20.

The proceedings in the action after the death of Felt, and the entry of a judgment against his goods and estate in the hands of his administrators, after the insolvency of his estate and the distribution thereof by the judge of probate, do not constitute such a judgment as the *St.* of 1838, *c.* 163, § 20, contemplates. Its language applies only to a living debtor; and its object is to save the debtor from insolvency, while living; and has no reference to his death, or to the insolvency of his estate after his death, which were provided for by earlier statutes. *Loring* v. *Eager,* 3 Cush. 188. To give this section the construction contended for would violate the governing principle of the statute— an equal distribution among creditors; and give a creditor holding this substituted security an advantage over other creditors.

MERRICK, J. The proceedings in the original suit against Felt, in which the attachment for the dissolution of which this bond was given, were regular. It did not abate by the death of the defendant; but as the cause of action survived, it was competent for the plaintiff to pursue it to final judgment against the administrators of his estate. Rev. Sts. *c.* 90, § 105. The

10 *

amount recovered was not paid to him within thirty days from the time when the judgment was rendered; and this failure constituted, according to the terms in which it was expressed, a breach of the condition of the bond.

But the defendants insisted that they were discharged from the obligation which they had assumed, in consequence of the death of Felt, and the subsequently ascertained insufficiency of his estate to pay in full all the debts which he was owing at the time of his decease. And in support of this objection they rely upon the various provisions of law respecting the dissolution of attachments by the death of the defendant, or by due proceedings against him during his life as an insolvent debtor. It is true that an attachment of property upon mesne process ceases to have any force or validity, upon the death of the party against whom it is made, if administration upon his estate shall be granted or applied for within one year after his decease; and also, except in certain instances specially provided for, upon a due assignment of his estate as an insolvent debtor. Rev. Sts. *c.* 90, § 105. *Sts.* 1838, *c.* 163, § 5; 1841, *c.* 124, § 5; 1851, *c.* 327, § 20. But these provisions are all specific in their several purposes and effects, and cannot be extended to express contracts into which parties have entered with each other, except where such extension is, in reference to particular cases, a necessary implication.

Such an implication arises, after dissolution of the attachment, in relation to receipts given to officers for property attached, which has been restored to the debtor and suffered to remain in his possession, because, when the attachment is dissolved by operation of law, the officer has no longer any authority to exercise control over it, and would not, if it were returned and delivered to him, have any official right to sell or make any appropriation of it.

But no such difficulty or impediment arises in reference to a bond given upon condition to pay the amount of a judgment within a fixed time after its rendition. There the creditor taking the money has a right, as it is his duty, to appropriate it to the discharge and satisfaction of his debt. If no judgment is or can

MARCH TERM 1856.        115

Gass *v.* Smith & another.

be rendered, there can be no breach of such a condition. Thus where a similar bond had been given under the statute for the dissolution of an attachment, and the debtor afterwards became insolvent, and such proceedings were had that he subsequently obtained a certificate by force of which he was absolutely discharged from all his debts, the court refused, in order to make his sureties liable, to render a special judgment for that purpose. *Loring* v. *Eager*, 3 Cush. 188. But in the same case it was said, that if the claim had not been discharged by the certificate, though an attachment of the debtor's property might have been dissolved by the assignment of his estate, the suit might have proceeded to judgment against him, and his failure to pay the amount of it within thirty days might have been a breach of the condition of the bond, and have made his sureties liable upon it.

But the death of a party and the subsequently ascertained insolvency of his estate do not discharge any of his debts. They remain in force, although, in consequence of the insufficiency of assets, partial payments of them only can be made. But if, after distribution of all known and available effects among the creditors shall have been made, further assets come to the hands of the administrator, they will continue to be distributed until payment in full has been effected.

As the defendants have not been released or discharged from their obligation by the death of Felt, and the insolvency of his estate, the plaintiff is now entitled to recover against them the amount of the judgment in the original action, provided it does not exceed the penalty in the bond; if it does, then judgment is to be rendered for the plaintiff for the amount of the penalty **only.**